NOT DESIGNATED FOR PUBLICATION

No. 123,839

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS EARL THOMAS JR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed September 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Dennis Earl Thomas Jr. appeals the revocation of his probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no error, we affirm.

In January 2018, Thomas pleaded guilty to several misdemeanor offenses, including two counts of theft and criminal damage to property, and one count of domestic battery. The district court imposed a 12-month jail sentence but granted Thomas 12 months' probation.

1

The State later filed several warrants alleging Thomas violated the conditions of his probation. In December 2018 and March 2019, Thomas waived his right to evidentiary hearings for two of those warrants and admitted he had violated his probation. Following those admissions, the district court revoked but reinstated Thomas' probation with modified conditions. The court also ordered Thomas to serve a three-day jail sanction concurrent to a term ordered in a separate felony case, 18 CR 758.

Following an evidentiary hearing in November 2019, the district court revoked Thomas' probation for a third time. But the court reinstated Thomas' probation again, extending it for an additional 12 months and modifying its conditions.

But Thomas did not successfully complete the terms of his probation. So following an evidentiary hearing on October 23 and December 22, 2020, the district court revoked Thomas' probation and ordered him to serve his 12-month jail sentence. According to the journal entry, the district court awarded Thomas 360 days of jail credit and found Thomas had completed serving his sentence in this case on January 26, 2019. The court applied Thomas' "[e]xcess jail credit" to a consecutive sentence Thomas received in yet another felony case, 17 CR 3495.

Thomas timely appealed in this case—17 CR 2836—and the two felony cases already mentioned—17 CR 3495 and 18 CR 758. The district court appointed the Appellate Defender's Office (ADO) to represent Thomas in all three cases. But the ADO moved to withdraw as counsel, arguing it was not statutorily authorized to represent Thomas in an appeal from misdemeanor convictions. See K.A.R. 105-10-2. The district court granted the ADO's request and appointed Thomas new counsel. It appears from our records that this court consolidated 17 CR 3495 and 18 CR 758 into a single but separate appeal. As a result, we consider only Thomas' challenge to the district court's revocation decision in 17 CR 2836.

2

Thomas challenges the district court's decision to revoke his probation but tacitly concedes that a remedy is unavailable because he already finished serving his full sentence, citing *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018) (probation operates to replace a term of imprisonment and therefore cannot be imposed if the prison sentence has been completed). The State argues that Thomas' challenge to his sentence is moot.

Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). And we review questions of mootness de novo. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

"In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." *Roat*, 311 Kan. at 593. The State relies on the journal entry but does not provide us with documentation showing the Kansas Department of Corrections (KDOC) released Thomas on the date shown in the journal entry. And we cannot make such an inquiry into KDOC records on our own. See *State v. Yazell*, 311 Kan. 625, 629-31, 465 P.3d 1147 (2020). We therefore decline to apply the mootness doctrine and address the merits. See *Roat*, 311 Kan. at 590 (characterizing mootness as a prudential doctrine, not a jurisdictional bar to appellate review).

Thomas argues that the district court abused its discretion in revoking his probation rather than reinstating it a fourth time. A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Thomas does not allege legal or factual error, so he must convince us that no reasonable person would have taken the view adopted by the district court. See *State v. Thomas*, 307

3

Kan. 733, 739, 415 P.3d 430 (2018). But Thomas does not meet this burden.

Once the State has proven a violation of the conditions of probation, as here, the decision to revoke probation is within the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1175, 135 P.3d 1191 (2006). In exercising that discretion, the district court had given Thomas several opportunities to succeed on probation by continually reinstating his term of probation. Its decision not to do so a fourth time was reasonable. See *Kinder*, 307 Kan. at 243-44. So we find no error in the district court's decision.

Affirmed.